UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT M. DEBOSE, | No. 2:23-cv-00131-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| THIRD WATCH COMMANDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The court will grant the application to proceed in forma pauperis and screen the complaint pursuant to 28 U.S.C. § 1915A.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed for failure to state a claim upon which relief could be granted. The complaint alleges the following: On July 11, 2018, an inmate falsely accused plaintiff and a staff member of

engaging in a sex act.  Plaintiff claims that the Prison Rape Elimination Act ("PREA") protocols were not followed throughout the corresponding investigation.  *See* ECF No. 1 at 5-6 (alleging a rape kit should have been ordered, that plaintiff should have been advised to not shower, and that plaintiff should not have been placed in administrative segregation).  Plaintiff pursued administrative appeals regarding the alleged PREA protocol violations.  He claims his appeals were "stonewalled" in violation of his right to due process.  *Id.* at 6-7.  As a result of the false allegation and subsequent investigation, plaintiff was placed in administrative segregation, transferred to another prison, and removed from rehabilitation programs.  *Id.* at 5-6, 8.  Plaintiff claims that even though he has been "cleared," he has not received any "closure documents," something he was asked about at his last parole suitability hearing.  *Id.*  He seeks to be compensated for his "lost program and all he went through based solely on a false allegation by a mentally impaired inmate . . . ."  *Id.* at 3.

       Plaintiff's first claim alleges violations of the PREA.  However, the majority of courts to consider the issue have determined that the PREA does not actually provide for a private cause of action.  *See, e.g., Hatcher v. Harrington*, 2015 U.S. Dist. LEXIS 13799 (D. Haw. Feb. 5, 2015) (finding the plaintiff's claims under PREA failed, because "[n]othing in the PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act," and although there appears to be no federal appellate decision addressing this issue, "district courts nationwide have found that PREA does not create a private cause of action that can be brought by an individual plaintiff"); *see also Blessing v. Freestone*, 520 U.S. 329, 340 (1998) (§ 1983 litigant "must assert the violation of a federal *right*, not merely a violation of federal *law*").  Thus, plaintiff's claims based on alleged violations of the PREA do not state a claim upon which relief could be granted.

       Plaintiff's second claim alleges he was denied due process during the administrative appeals process.  These allegations cannot survive screening because any failure to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff's final claim is that he was denied due process in the aftermath of the false PREA allegation. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). In alleging he was housed in administrative segregation, transferred to another prison, removed from rehabilitation programs, and consequently, rendered less suitable for parole, plaintiff fails to show he was deprived of a constitutionally protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995) ("no liberty interest in freedom from state action taken 'within the sentence imposed,'" on the inmate, which includes the possibility of confinement in administrative segregation);[1] *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (transfer to a less agreeable prison does not automatically activate a due process right); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (no liberty interest in rehabilitative programs); *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (no federal Constitutional right to be conditionally released before the expiration of a valid sentence). Here, plaintiff fails to identify a protected interest, so any due process claim must fail.

For these reasons, the complaint fails to state a claim upon which relief could be granted. Given the deficiencies, the court finds that leave to amend in this action would be futile. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

/////

/////

---

[1] Nothing in the complaint suggests that plaintiff's confinement in administrative segregation was of the "conscience shocking" type that violates substantive due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-47 (1998).

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 15, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE