1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DWIGHT M. DeBOSE,                          No.  2:23-cv-00131-KJM-EFB (PC)

12                  Plaintiff,

13          v.                                    ORDER

14    THIRD WATCH COMMANDER,

15                  Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided

19    by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On February 16, 2023, the magistrate judge filed findings and recommendations, which

21    were served on plaintiff and which contained notice to plaintiff that any objections to the findings

22    and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the

23    findings and recommendations.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

26    findings and recommendations mostly to be supported by the record and by the proper analysis,

27    except for its analysis of leave to amend.  Although plaintiff objects to the magistrate judge's

28    conclusion, he does not raise any arguments in support of his position other than those addressed

1  by the findings and recommendations.  He does not contend the PREA creates a private cause of

2  action, nor point to a constitutionally protected interest he was deprived of without sufficient

3  process.  In non-legal language, this means the laws plaintiff cites do not allow him to bring a

4  lawsuit based on the facts he alleges.  As a result, his complaint must be dismissed.

5         However, the court disagrees with the magistrate judge's conclusion that amendment

6  necessarily would be futile.  To be sure, plaintiff does not claim he is a victim of a sex act by a

7  correctional officer or that a correctional officer failed to protect him from a sex act, as would be

8  required for an Eighth Amendment claim.  *See Reed v. Racklin*, No. 17-0799, 2017 WL 2535388,

9  at *2 (E.D. Cal. June 12, 2017) (permitting an Eighth Amendment claim to proceed after

10  screening, while dismissing PREA claim); *see generally Schwenk v. Hartford*, 204 F.3d 1187,

11  1196–97 (9th Cir. 2000) (summarizing caselaw on Eighth Amendment liability for sexual

12  assault).  The magistrate judge appears to recommend dismissing the complaint without leave to

13  amend on this basis.  *See* Findings and Recommendations at 4.  However, the court cannot rule

14  out the possibility plaintiff could allege prison officials have discriminated against him on the

15  basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment.  *See, e.g.*,

16  Compl. at 4–5, ECF No. 1 (alleging prison officials decided not to order rape kit for plaintiff);

17  *Slice v. Schweitzer*, No. 07-04-H, 2008 WL 5435338, at *7 (D. Mont. June 5, 2008) (permitting

18  after screening prisoner sex discrimination claim that prisons treated male and female inmates

19  differently).  For this reason, the court **grants** leave to amend.

20         Accordingly, IT IS HEREBY ORDERED that:

21     1.  The Findings and Recommendations filed February 16, 2023, are adopted with respect

22         to dismissing the complaint;

23     2.  The courts **grants** leave to amend;

24     3.  Plaintiff's amended complaint must be filed **within thirty days**; and

25     4.  The case is referred back to the magistrate judge for further pretrial proceedings.

26  DATED:  August 29, 2023.

27

28

CHIEF UNITED STATES DISTRICT JUDGE

2