UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT M. DEBOSE, | No. 2:23-cv-00131-KJM-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THIRD WATCH COMMANDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The court dismissed the complaint but granted plaintiff leave to amend.  ECF No. 15.  Plaintiff has filed an amended complaint which is screened herein.  ECF No. 18.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

1

plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Like the original complaint, the amended complaint alleges the following: On July 11, 2018, an inmate falsely accused plaintiff and a female staff member of engaging in a sex act. Plaintiff claims that the Prison Rape Elimination Act ("PREA") protocols were not followed throughout the corresponding investigation. ECF No. 18. Plaintiff pursued administrative appeals regarding the alleged PREA protocol violations. He claims his appeals were "stonewalled" in violation of his right to due process. As a result of the false allegation and subsequent investigation, plaintiff was placed in administrative segregation, transferred to another prison, and removed from rehabilitation programs. Plaintiff claims that even though he has been "cleared," he has not received any "closure documents," something he was asked about at his last

2

parole suitability hearing.

The court dismissed plaintiff's original complaint because: (1) the PREA provides no private right of action, (2) there is no cause of action for claims concerning the processing of inmate appeals, and (3) prisoners have no right under due process to be free from administrative segregation or transfer, to be provided rehabilitative programs, or to be conditionally released prior to the expiration of their sentences. ECF No. 6. Plaintiff attempts to recast these claims now as sex discrimination on the part of prison officials. ECF No. 18. Plaintiff alleges that, if he were a female inmate who was alleged to have engaged in a sex act with a staff member, prison officials would have followed PREA protocol and ordered that a rape kit be collected. *Id.* at 8. But plaintiff alleges no facts that support this highly speculative statement. Instead, it appears that plaintiff has inserted this bit of speculation into the amended complaint in an attempt to re-assert each claim that the court has previously found legally non-cognizable. But speculation unsupported by facts cannot form the basis of a cognizable sex discrimination claim.

For these reasons, the complaint fails to state a claim upon which relief could be granted. Given the deficiencies and plaintiff's prior opportunity to amend, the court finds that further leave to amend in this action would be futile. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## Conclusion

Accordingly, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

/////

/////

Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE