UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT M. DEBOSE,

Plaintiff,

v.

THIRD WATCH COMMANDER, et al.,

Defendants.

No. 2:23-cv-00131-DC-EFB (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 19, 23)

Plaintiff Dwight M. DeBose, a state prisoner proceeding *pro se* and *in forma pauperis* filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2023, Plaintiff initiated this action by filing a complaint against Defendants for: (1) violations of the Prison Rape Elimination Act ("PREA"); (2) denial of due process during the administrative appeals process; and (3) denial of due process following the false PREA allegation. (Doc. No. 1.) On February 16, 2023, the magistrate judge filed findings and recommendations in which the magistrate judge found Plaintiff failed to state a claim upon which relief could be granted and concluded that leave to amend would be futile. (Doc. No. 6.) The magistrate judge recommended that this action be dismissed. (*Id*. at 5.)

On August 30, 2023, the court issued an order on the February 16, 2023 findings and recommendations. (Doc. No. 15.) The court found the findings and recommendations mostly to

1

be supported by the record and by proper analysis. (*Id*. at 1.) However, the court disagreed with the magistrate judge's conclusion that amendment would be futile and could not "rule out the possibility plaintiff could allege prison officials have discriminated against him on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment." (*Id*. at 2.) The court adopted the February 16, 2023 findings and recommendations with respect to dismissing the complaint but granted Plaintiff leave to file a first amended complaint. (*Id*. at 2.)

On January 4, 2024, Plaintiff filed the operative first amended complaint alleging a single claim against Defendants for sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. No. 18.) On July 22, 2024, the magistrate judge filed findings and recommendations in this matter. (Doc. No. 19.) The magistrate judge recommended the action be dismissed for failure to state a claim upon which relief could be granted and that further leave to amend would be futile. (*Id*.) The findings and recommendations were served on Plaintiff and contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within 14 days. (*Id*.)

After receiving an extension of time, on December 6, 2024, Plaintiff filed timely objections to the findings and recommendations. (Doc. No. 23.) In his objections, Plaintiff does not meaningfully address the magistrate judge's findings and recommendations. Instead, Plaintiff asserts, for the first time, an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants for their alleged failure to follow PREA protocols. (*Id*. at 2–6.) The court construes Plaintiff's objections as a request to amend his first amended complaint to add the Eighth Amendment claim against Defendants.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Although the magistrate judge concluded that further leave to amend would be futile, the magistrate judge did not have the opportunity to consider Plaintiff's request to amend his first amended complaint, because, as noted above, the request was made after the magistrate judge issued the findings and recommendations.

"The [c]ourt is under no obligation to consider new claims or arguments in an objection to a magistrate judge's findings and recommendations." *Pasquinzo v. Salmonsen*, No. 20-cv-00033-DLC-JTJ, 2022 WL 4592052, at *5 (D. Mont. Sep. 29, 2022); *see Whitfield v. Parmar*, No. 24-cv-00581-JLT-CDB, 2025 WL 341950, at *6 (E.D. Cal. Jan. 30, 2025) (finding plaintiff cannot attempt to re-cast his allegations to state additional claims in his objections to the magistrate judge's findings and recommendations). However, given Plaintiff's request to amend (Doc. No. 23), his *pro se* status, and the court's obligation to construe *pro se* pleadings leniently, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1978), the court will allow Plaintiff a final opportunity to allege Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on July 22, 2024 (Doc. No. 19) are ADOPTED with respect to dismissing Plaintiff's first amended complaint (Doc. No. 18);

2. Plaintiff's request to amend his complaint (Doc. No. 23) is GRANTED;

3. Within thirty (30) days from the date of service of this order, Plaintiff may file a second amended complaint, to allege an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants, or file a notice of voluntary dismissal; and

4. This case is referred back to the magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **February 28, 2026**

Dena Coggins
United States District Judge

3